UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>DAVID RIES,<br><br>        Defendant.<br>_____ | 1:95-cr-05174  OWW<br>1:03-cv-06843  OWW<br><br>MEMORANDUM DECISION AND ORDER:<br><br>(1) ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS (DOC. 1610); AND<br><br>(2) DENYING DEFENDANT'S MOTIONS FOR RELIEF (DOCS. 1611, 1618, 1620, 1621, 1624, 1625, 1626, 1627) |

## I. INTRODUCTION

Before the court for decision is the magistrate judge's Findings and Recommendations to deny Defendant's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 (Doc. 1016). Also before court are various other of Plaintiff's motions, all of which were filed after the § 2255 petition. These motions are several of approximately one hundred (100) documents challenging his sentence and conviction already filed by Defendant in this case since his 1997 conviction.

//

## II.   **BACKGROUND**

On May 2, 1997, after a 42-day jury trial, Defendant David Ries ("Defendant") was convicted of numerous crimes. He was sentenced to eighty-seven 87 months' imprisonment. All his convictions were affirmed on appeal. *See United States v. Hopper*, 177 F.3d 824 (9th Cir. 1999). His case was remanded for resentencing. On May 15, 2000, Defendant was resentenced to seventy-eight (78) months' imprisonment, a term that was to be served consecutively to a sixty-three (63) month sentence pronounced in a separate case before the Sacramento Division of the Eastern District of California (*United States v. Ries*, No. S-94-9-EJG). Defendant is currently incarcerated at a federal prison in Lisbon, Ohio.

**Defendant's Past Motions and Earlier Court Decisions**

Defendant was re-sentenced on May 15, 2000. On May 18, 2000, Defendant filed a Notice of Appeal relating to his re-sentencing. (Doc. 1434)  On May 23, 2000, Defendant filed a "petition in nature of arrest of judgment/reconsideration," in which he argued that the time he has served was not properly credited against his sentence, and requested that his sentence be adjusted accordingly. (Doc. 1439)  On October 27, 2000, Defendant's "petition" was denied for lack of jurisdiction on the basis that the Notice of Appeal filed by Defendant divested the district court of jurisdiction to decide matters relating to his re-sentencing. (Doc. 1471, Order); *see also United States v. Powell*, 24 F.3d 28, 31 (9th Cir. 1994) (citing *Griggs v.*

1  *Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).
2      The district court declined to construe Defendant's
3  "petition" (Doc. 1439) as a petition for writ of habeas corpus
4  pursuant to 28 U.S.C. § 2255.  First, the court based its
5  decision on the principle that "a district court should not
6  entertain a habeas corpus petition while there is an appeal
7  pending in [the circuit court of appeals] or in the Supreme
8  Court," reasoning that a decision by an appellate court could
9  moot issues raised in the petition.  *See United States v. Pirro*,
10 104 F.3d 297, 299 (9th Cir. 1997) (internal quotations and
11 citations omitted); *Feldman v. Henman*, 815 F.2d 1318, 1320-21
12 (9th Cir. 1987).
13     Second, the court based its decision on the prudential
14 concern to protect Defendant's ability to file a habeas corpus
15 petition in the future.  "The Anti-Terrorism and Effective Death
16 Penalty Act of 1996 ('AEDPA') modified habeas corpus law to
17 preclude a second or successive habeas petition, unless
18 petitioner first obtains a Court of Appeals order authorizing the
19 district court to consider the petition." *Barapind v. Reno*, 72
20 F. Supp. 2d 1132, 1142 (E.D. Cal. 1999); 28 U.S.C. § 2244.  In
21 its October 27, 2000 order, the district court stated that, out
22 of an abundance of caution, "to protect defendant's future filing
23 rights, his motion is not interpreted as a habeas corpus
24 petition."  (Doc. 1471, Order at 5)
25     Just over one month later, on December 4, 2000, Defendant
26 filed another motion titled "request for judicial notice on non-
27 opposition re: notice & exparte petition for designated
28 transcripts: showing 'good cause' re assignment of error; & fatal

3

defects." In response, the district court ordered Defendant to either (1) within 25 days of service of the written order, give written consent for his motions (including the December 4, 2000 motion, the May 18, 2000, motion (Doc. 1434), and the May 23, 2000 motion (Doc. 1439)) to be re-characterized as one consolidated habeas corpus petition, "WITH THE ADMONITION THAT, under the AEDPA, he will lose his ability to file successive habeas petitions absent certification by the court of appeals;" or (2) "withdraw his motions and later file one all-inclusive § 2255 habeas petition within the one-year statutory period following the time his conviction becomes final, i.e., after the Ninth Circuit (or U.S. Supreme Court) affirms it." (Doc. 1477, Order at 5 (emphasis in original)); *see United States v. Seesing*, 234 F.3d 456, 463-4 (9th Cir. 2001). The district court also notified Defendant that if he fails to respond to the order within the twenty-five (25) day time period, the latter action would be taken and the motions would be withdrawn. (*Id*.) The only action Defendant took was a Notice of Appeal of this order to the Ninth Circuit, filed January 17, 2001. (Doc. 1488)

On April 16, 2003, another order (Doc. 1549) issued in response to four motions filed by Defendant between February 2002 and March 2003. Three of the motions and all claims in the second motion (Doc. 1534), save one, were dismissed for lack of jurisdiction because they raised issues identical to issues that were then-pending before the Court of Appeals. The remaining

//
//
//

claim in the fourth motion was dismissed on the merits.[1]  (*See* Doc. 1549, Order 12-13)  The court went on to warn Defendant that any further filings, to the extent possible, would be construed as § 2255 motions and be subject to dismissal as secondary or successive motions under 28 U.S.C. §§ 2255 and 2244:

> Defendant is hereby admonished not to file any further motions in this court on issues pending before the Ninth Circuit on appeal, as they are likely to be summarily dismissed for lack of jurisdiction.  To the extent any later-filed documents attacking Defendant's conviction or sentence to *not* address issues involved in any of his pending appeals, such motions to the extent legally possible shall be construed as § 2255 motions, even if they are not so styled.  **Any such motions may be vulnerable to dismissal or denial for a variety of reasons, including without limitation, because such motions are 'second or successive' § 2255 motions.**  *See* 28 U.S.C. § 2255; *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2001) (discussing proper procedure for recharacterizing a motion as a § 2255 motion).

(*Id*. at 16-17 (emphasis added))  This order (Doc. 1549) was later affirmed by the Ninth Circuit Court of Appeals.  (Doc. 1622)

Defendant then filed a motion for reconsideration (Doc. 1555) of the April 13, 2000 order.  Defendant's motion was dismissed on September 23, 2003 in an extensive order documenting in detail Defendant's numerous and burdensome filings, including

---

[1] Defendant had argued his sentence should be reduced pursuant to Federal Rule of Criminal Procedure 35(a) and 18 U.S.C. § 3582(c), because a new guideline amendment to a U.S. Sentencing Guideline became effective November 1, 2002.  The court held that the district court had jurisdiction to address this argument under 18 U.S.C. § 3582(c), but that defendant's argument was without merit because a reduction of sentence was not authorized by United States Sentencing Guidelines § 1B1.10.  The then-current § 1B1.10(b) stated that unless an amendment is listed in § 1B1.10(c), then a reduction of sentence is not authorized.  Amendment 465 was not listed in § 1B1.10(c) and was not authorized.

5

a list of the nearly one hundred (100) ex parte motions (documents) filed by Defendant challenging his sentence or conviction. (Doc. 1583, Order 11-17 (listing documents))  The September 23, 2003 order dismissed Defendant's motion for lack of jurisdiction, since the issues raised by his motion for reconsideration were then still pending before the Ninth Circuit Court of Appeals. (*Id*. at 22-24)  This order once again warned Defendant that any further motions could be construed as second or successive § 2255 motions and be subject to dismissal:

> Should Defendant file additional documents which are not addressed by his previous notices of appeal, they will be construed as motions under 28 U.S.C. § 2255, even if they are not styled as such. *See United States v. Sessing*, 234 F.3d 456, 464 (9th Cir. 2001). **Such motions would also be subject to dismissal or denial as "second or successive" petitions under Section 2255**. *See* 28 U.S.C. § 2255.

(*Id*. at 24-25 (emphasis added))

On July 2, 2003, Defendant filed yet another motion requesting relief that again raised issues identical to those then pending before the Court of Appeals. (Doc. 1575) Defendant's motion was once again dismissed for lack of jurisdiction. (Doc. 1608, Order 9)  The court also found that Defendant's motion had no merit.[2]

On December 13, 2003, Defendant filed another motion. (Doc. 1590; Doc. 1, Case No. 1:03-cv-06843)  This document was labeled

---

[2] His motion was based on his argument that his sentence should be corrected based on clerical errors; however, his request was untimely, as Fed. R. Crim. P. 35(a) allows a seven (7) day period after sentencing within which to file such a motion. Defendant was sentenced on May 2, 1997, over three years earlier, and Defendant's motion was filed almost five years after this date.

as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 and was construed as such. (*See* Doc. 1610, Findings and Recommendations, filed September 2, 2004)  The magistrate judge recommended the motion be denied for lack of jurisdiction, reasoning that the issues raised in the December 15, 2003 motion were identical to matters subject to Defendant's appeals. (*Id*. at 2)  Defendant was given an opportunity to object to the Findings and Recommendations, and Defendant filed objections on September 13, 2004 (Doc. 1612) and September 16, 2004 (Doc. 1613).  No responses were filed.  The Findings and Recommendations are still pending and are the subject of this memorandum decision and order.

**Defendants' Pending Motions**

Since his conviction in 1997, Defendant has filed approximately one hundred (100) motions (documents) challenging his conviction or sentence.  Defendant has refused to heed numerous and repeated admonitions not to file additional motions challenging his sentence or conviction based on the same issues as were then-pending before the Ninth Circuit Court of Appeals. Plaintiff has nevertheless purposefully continued to file numerous motions:

Sept. 7, 2004   "Renewed Motion for Release Pending appeal Pursuant to Order by Court of Appeals"   (Doc. 1611)

Jan. 20, 2005   "Motion to Vacate under 28 U.S.C. § 2255" (Doc. 1618)

Feb. 7, 2005   "Motion to Excise and Sever Unconstitutional Portion of Sentence & To Terminate All Federal Custody" (Docs.

**7**

|   |   |
|---|---|
|   | 1620, 1621) |
| June 6, 2005 | "Notice of Motion: Motion to Expand the Record" (Doc. 1624) |
| June 6, 2005 | "Notice of Motion: & [sic] Motion for Release Pending $ [sic] 2255 Litigation" (Doc. 1625) |
| June 9, 2005 | "Notice of Motion: & [sic] Movant's Motion for Default and Entry of Summary Judgment" (Docs. 1626 & 1627) |

These motions are also the subject of this decision.

## IV.  **ANALYSIS**

As Defendant has been instructed on numerous occasions, and as the magistrate judge's decision also informs him, this district court has lost all jurisdiction over Defendant's motions.  In addition to his habeas corpus petition, Defendant has filed numerous motions for relief while his appeals before the Ninth Circuit Court of Appeals are still pending.[3]  To the degree to which this court has jurisdiction over Defendant's motion for bail, that motion is **DENIED** for all the reasons stated in the trial court's ruling on petitioner's petition for habeas corpus.

The August 20, 2004 order (Doc. 1608) dismissing Defendant's motion for reconsideration provided a detailed explanation to Defendant of why this court lacks jurisdiction.  In this order,

---

[3] The Ninth Circuit recently affirmed, without memorandum decision, the district court's April 16, 2003 order (Doc. 1549) denying various of Defendant's prior motions for lack of jurisdiction.  (Doc. 1622)  The Ninth Circuit has yet to address any of Defendant's claims on the merits.

**8**

Defendant was admonished again not to file any further documents with this court, as he had previously been admonished in the orders of April 16, 2003 (Doc. 1549) and September 26, 2003 (Doc. 1583). Despite these repeated admonitions and the detailed explanations provided to Defendant, he continues to ignore them and impose on the court's limited time and resources.

The reasons why jurisdiction is lacking over Defendant's motions have been stated in great detail numerous times. The reasons have not changed and still apply to his motion for § 2255 relief. This court has lost all jurisdiction over Defendant's motion. Defendant's motion for relief under 28 U.S.C. § 2255 restates issues which are presently pending before the Ninth Circuit on appeal. Defendant provides no basis for a contrary finding in his objections.

For all the reasons stated above and repeatedly stated in prior opinions, the findings and recommendations of the magistrate judge are **ADOPTED IN FULL** and Defendant's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED.**

All motions filed after Defendant's December 15, 2003 habeas petition are construed as secondary or successive habeas petitions under 28 U.S.C. §§ 2255 and 2244. Defendant has provided no evidence that he applied for as was granted authorization by the Ninth Circuit Court of Appeals to file any second or successive habeas petitions, as required by § 2244(b)(3). All Defendants' motions (Docs. 1611, 1618, 1620, 1621, 1624, 1625, 1626, 1627) are **DENIED.** No further motions, petitions, or applications shall be accepted for filing in the Eastern District of California without leave from the Court of

Appeals.

**SO ORDERED.**

**DATED: August 1, 2005.**

/s/ OLIVER W. WANGER

_____

Oliver W. Wanger
**UNITED STATES DISTRICT JUDGE**

<u>CERTIFICATE OF SERVICE</u>

```
UNITED STATES OF AMERICA         )
                                 )
                                 )
           VS                    )        CR F 95-5174 OWW
                                 )
DAVID RIES                       )
_____ )
```

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U. S. District Court, Eastern District of California at Fresno.

I served on August 2, 2005 a copy of the attached by placing said copy in a postage-paid envelope addressed to the persons hereinafter listed, by depositing said envelope in the United States Mail at Fresno, California; or by placing said copy into an inter-office delivery receptacle located in the Clerk's Office.

<u>SERVED BY MAIL</u>

David Ries
07360-097
FCI Elkton
P O Box 10 DA
Lisbon, Ohio  44432


<u>SERVED BY INTER-OFFICE DELIVERY</u>

United States Attorney


                                          By G. Lucas_____
                                               Deputy Clerk

11